J-S46003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHRISTINA JOAN ASHTON | |
| Appellant | No. 461 MDA 2017 |

Appeal from the PCRA Order July 3, 2012
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000029-2002

BEFORE:  BOWES, J., OLSON, J., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                **FILED NOVEMBER 21, 2017**

Christina Joan Ashton appeals from the July 3, 2012 order denying her PCRA petition.  We quash.

The following facts underlie this matter.  On December 19, 2001, Appellant shot and killed her then-fiancé, Darin Whitsel.  Following trial, a jury found her guilty of one count of third-degree murder. Thereafter, Appellant was sentenced to seventeen to forty years incarceration.  This Court affirmed her judgment of sentence, **Commonwealth v. Ashton**, 850 A.2d 3 (Pa.Super. 2004) (unpublished memorandum), and on January 19, 2005, the Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Ashton**, 868 A.2d 1196 (Pa. 2005).

_____

* Former Justice specially assigned to the Superior Court.

On March 29, 2006, Appellant filed her first PCRA petition. Appointed counsel filed an amended PCRA petition on June 22, 2007, and a hearing on the matter was held on that same day. After a series of delays, and the substitution of the Attorney General's office on behalf of the Commonwealth, a second PCRA hearing was held on March 9, 2012. By order dated July 3, 2012, the court denied Appellant's PCRA petition. Appellant filed a timely notice of appeal and a Rule 1925(b) concise statement of errors complained of on appeal. The PCRA court authored a Rule 1925(a) opinion. Thereafter, counsel neglected to file an advocate's brief, and thus, on February 9, 2013, we remanded the matter for a determination as to whether counsel had abandoned Appellant. Subsequently, on August 12, 2013, we dismissed Appellant's appeal finding that she had failed to file a brief.

On October 19, 2015, Appellant filed a *pro se* PCRA petition alleging, in part, that PCRA counsel was ineffective for failing to file an appellate brief. Counsel was again appointed. On November 18, 2016, current counsel filed an amended PCRA petition seeking, *inter alia*, reinstatement of Appellant's appeal rights *nunc pro tunc*. The PCRA court granted relief only as to Appellant's right to pursue her appeal of the July 3, 2012 denial of PCRA relief. On March 15, 2017, Appellant filed the present notice of appeal *nunc pro tunc* from the July 3, 2012 PCRA order.

Appellant raises two questions for our consideration:

1. Whether Trial Counsel's failure to properly investigate or utilize a qualified expert witness amounts to ineffective assistance of counsel?

2. Whether Trial Counsel's failure to request the adverse inference jury instruction, or have a properly colloquy conducted, regarding [Appellant] not testifying, amounts to ineffective assistance of counsel?

Appellant's brief at 2.

As a preliminary matter, we must determine whether this appeal of the July 3, 2012 order is properly before us. It is well-settled that a PCRA petition, including a second or subsequent petition, must be filed within one year of the date that a defendant's judgment of sentence becomes final, unless an exception to this one-year time bar applies. 42 Pa.C.S. § 9545(b)(1). The statutory time-bar is jurisdictional in nature, and thus, if a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). While the parties did not question the timeliness of Appellant's second PCRA petition, and the PCRA court overlooked the problem, we must raise the issue *sua sponte*. *Commonwealth v. Gaines*, 127 A.3d 15, 17 (Pa.Super. 2015) (*en banc*). Whether a PCRA petition is timely is a question of law, and thus, our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa.Super. 2017).

When a PCRA petition is facially untimely, the petitioner must plead and prove that one of the statutory exceptions applies. *Id*. If no exception applies, then the petition must be dismissed, as we cannot consider the merits of the appeal. *Id*. The PCRA reads, in relevant part:

(b)     Time for filing petition.-

(1)     Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

i.     the failure to raise the claim previously was the result of interference by the government officials with the presentation of the claim in violation of the Constitution or law of the United States;

ii.     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

iii.     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2)     Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1) and (2).

Instantly, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on January 19, 2005. Thus, the judgment of sentence became final on April 19, 2005, when her time to file a petition for

*writ of certiorari* with the United States Supreme Court expired.  As such, Appellant had one year from that date, that is, until April 19, 2006, to file a timely PCRA petition.  Since Appellant did not file her second PCRA petition until October 19, 2015, it was facially untimely, and the PCRA court lacked jurisdiction over Appellant's second PCRA petition unless she pled and proved one of the statutory exceptions to the time bar.

However, Appellant did not raise any of the statutory exceptions in her second PCRA petition.  Therefore, the PCRA court lacked jurisdiction to grant Appellant *nunc pro tunc* relief.  **See Commonwealth v. Robinson**, 837 A.2d 1157 (Pa. 2003) (dismissing serial PCRA petition granting relief to file notice of appeal *nunc pro tunc* as untimely); **Compare Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007) (finding petitioner's subsequent PCRA petition requesting *nunc pro tunc* relief pled and proved exception to statutory time bar under 42 Pa.C.S. § 9545(b)(1)(ii)).  Since the PCRA court did not have jurisdiction to grant Appellant's request to reinstate her appeal rights *nunc pro tunc*, this matter is not properly before us.  Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2017